**Opinion issued September 27, 2018**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-18-00274-CR

————————————

**JOSEPH WALTON WALLACE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 396th District Court**
**Tarrant County, Texas**
**Trial Court Case No. 1504417D**

---

**MEMORANDUM OPINION[1]**

---

[1] The Texas Supreme Court transferred this appeal from the Court of Appeals for the Second District of Texas. Misc. Docket No. 18-9049 (Tex. Mar. 27, 2018); *see* TEX. GOV'T CODE § 73.001 (authorizing transfer of cases). We are unaware of any conflict between precedent of that court and this court on any relevant issue. *See* TEX. R. APP. P. 41.3.

Joseph Walton Wallace pleaded guilty to the third-degree felony offense of failure to comply with sex offender registration requirements ("failure to register"), and the trial court sentenced him to ten years' community supervision.[2] The State moved to revoke community supervision on allegations that Wallace had not complied with its terms and conditions. Wallace pleaded true to the allegations, and the trial court sentenced him to five years' confinement. In two issues, Wallace argues that (1) the trial court erroneously sentenced him for a third-degree felony because the charged offense was punishable as a state-jail felony and (2) the indictment was fundamentally defective because it failed to allege when Wallace's duty to register expires and, as a result, did not allege sufficient facts to determine the level of the offense charged. We affirm.

**Background**

In 1999, Wallace was convicted of sexual assault. As a result, Wallace was required to register as a sex offender. *See* TEX. CODE CRIM. PROC. arts. 62.001(5)(A) (listing sexual assault as "reportable conviction or adjudication" for purposes of Sex Offender Registration Program), 62.051(a) (mandating registration of persons who have "reportable conviction or adjudication"). Because his conviction was for a "sexually violent offense," he was required to verify his registration information annually for life. *See id.* arts. 62.001(6)(A) (defining

---

[2]     *See* TEX. CODE CRIM. PROC. art. 62.102(a), (b)(2); *id.* art. 62.055(a); TEX. PENAL CODE § 12.34(a).

"sexually violent offense" as including "sexual assault"), 62.101(a)(1) (requiring lifetime registration for persons convicted of "sexually violent offense").

Included among Wallace's registration requirements was the duty to report any change of address. *See id.* art. 62.055(a). Wallace was required to provide local law enforcement with his anticipated move date and new address no later than seven days before his intended change of address. *See id.* In 2017, Wallace failed to comply with this registration requirement and was charged with failure to register. *See id.* art. 62.102(a). Wallace pleaded guilty to the third-degree felony offense of failure to register. In its judgment of conviction, the trial court probated Wallace's sentence, placing him on community supervision for ten years.

Five months later, the State filed a petition to revoke Wallace's probated sentence, alleging that Wallace had violated two conditions of his community supervision. Wallace pleaded true to the allegations. The trial court entered a judgment revoking Wallace's community supervision and sentencing him to five years' confinement for third-degree-felony failure to register. Wallace appeals.

**Level of Offense**

In his first issue, Wallace argues that the trial court erroneously sentenced him for a third-degree felony because the charged offense was punishable as a state-jail felony. Wallace contends that the trial court enhanced the offense to a third-degree felony and that the enhancement was erroneous because he had no

prior convictions for failure to register. *See id.* art. 62.102(c) (if person convicted of failure to register has prior conviction, offense is enhanced to next highest degree of felony).

Wallace misunderstands the basis of his conviction for third-degree-felony failure to register. The trial court's judgment of conviction is not for a state-jail felony enhanced to a third-degree felony. Rather, the trial court convicted Wallace of an offense that independently constituted a third-degree felony.

Under the Code of Criminal Procedure, if the defendant has one prior conviction for a sexually violent offense and the defendant is required to verify registration once each year, then the offense of failure to register is a third-degree felony. *See id.* art. 62.102(b)(2) ("An offense under this article is . . . a felony of the third degree if the actor is a person whose duty to register expires under Article 62.101(a) and who is required to verify registration once each year under Article 62.058."); *id.* art. 62.101(a)(1) (establishing when duty to register ends for person convicted of "sexually violent offense"); *id.* art. 62.001(6)(A) (defining "sexually violent offense" to include "sexual assault"); *id.* art. 62.058(a) (providing that person with one conviction for sexually violent offense must verify registration "once each year"); *see also Ware v. State*, No. 01-03-01138-CR, 2004 WL 2966377, at *2 (Tex. App.—Houston [1st Dist.] Dec. 23, 2004, no pet.) (mem. op., not designated for publication) ("Failure to comply with the registration

4

requirements is . . . a third degree felony if the sex offender has one conviction for a *sexually violent offense* and is required to verify registration once each year.").

The statute does not require that the prior offense be a failure to register; it only requires that the defendant had previously been convicted of a sexually violent offense that requires annual verification. It is undisputed that Wallace has one prior conviction for a sexually violent offense (sexual assault). It is undisputed that Wallace is required by article 62.058 to verify his registration once each year. And it is undisputed that Wallace committed the offense of failure to register by failing to notify law enforcement of a change in his address. Therefore, his offense was a third-degree felony.

We overrule Wallace's first issue.

## Sufficiency of Indictment

In his second issue, Wallace argues that the indictment was fundamentally defective because it failed to allege when his duty to register expires and thus failed to allege facts sufficient to determine the level of offense charged.

The filing of an indictment is necessary to vest the trial court with jurisdiction over a felony offense. TEX. CONST. art. V, § 12(b) ("The presentment of an indictment or information to a court invests the court with jurisdiction of the cause."); *Cook v. State*, 902 S.W.2d 471, 475 (Tex. Crim. App. 1995) ("The filing of an indictment is essential to vest the trial court with jurisdiction over a felony

offense."). "An indictment," as defined by the Texas Constitution, "is a written instrument presented to a court by a grand jury charging a person with the commission of an offense." TEX. CONST. art. V, § 12(b). "[T]o comprise an indictment within the definition provided by the constitution, an instrument must charge: (1) a person; (2) with the commission of an offense." *Cook*, 902 S.W.2d at 477. As the Court of Criminal Appeals has explained, "a written instrument is an indictment . . . under the Constitution if it accuses someone of a crime with enough clarity and specificity to identify the penal statute under which the State intends to prosecute, even if the instrument is otherwise defective." *Duron v. State*, 956 S.W.2d 547, 550–51 (Tex. Crim. App. 1997).

> The indictment charged Wallace as follows:
>
> Wallace, hereinafter called Defendant, on or about the 6th day of July, 2017, in the county of Tarrant, State of Texas, did intentionally or knowingly fail to report to the local law enforcement authority with whom said Defendant is required to register once each year, namely: the Sheriff's Office of Tarrant County, Texas, and with whom said Defendant is registered under the Sex Offender Registration Program of Chapter 62, Texas Code of Criminal Procedure, and provide said law enforcement authority with Defendant's anticipated move date and new address not later than seven days before his intended change of address and the said Defendant had a reportable conviction or adjudication namely, sexual assault in cause number 13308 on the 30th day of June 1999, in the 43rd District Court of Parker County, Texas . . . .

It thus charged (1) a person (Wallace) (2) with the commission of an offense (failure to register). *Cook*, 902 S.W.2d at 477. And it clearly and specifically

6

identified the penal statute under which the State intended to prosecute Wallace (Chapter 62 of the Code of Criminal Procedure). *Duron*, 956 S.W.2d at 550–51.

Nevertheless, Wallace argues that the indictment was "fundamentally defective" because it did not allege that Wallace was subject to lifetime registration and thus failed to indicate whether the charged offense was a state-jail felony or third-degree felony. *Compare* TEX. CODE CRIM. PROC. art. 62.102(b)(1) (offense is state-jail felony if defendant is required to register for ten years), *with id.* art. 62.102(b)(2) (offense is third-degree felony if defendant must register for life).

We disagree. The indictment states that Wallace had previously been convicted of sexual assault and, as a result, was obligated to register annually. Assuming without deciding that the indictment should have specifically alleged that Wallace was subject to lifetime registration, we hold that the indictment was not fatally defective. The allegation of an underlying sexual-assault conviction—an offense that, by definition, requires lifetime registration—was sufficient to inform Wallace of the level of offense charged. *See id.* arts. 62.001(6)(A), 62.101(a)(1). The indictment identifies the person, the offense, and the statute violated. It therefore satisfies the requirements of the Texas Constitution and properly vested the trial court with jurisdiction.

We overrule Wallace's second issue.

## Conclusion

We affirm.

Harvey Brown
Justice

Panel consists of Chief Justice Radack and Justices Brown and Caughey.

Do not publish. TEX. R. APP. P. 47.2(b).